## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT J. KELLIHER, | ) | |
| | ) | |
| Plaintiff | ) | |
| v. | ) | No. 04 C 2250 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | Judge Wayne R. Andersen |
| INTERNAL REVENUE SERVICE | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM, OPINION AND ORDER

The plaintiff, Robert J. Kelliher ("Kelliher"), filed a complaint against the defendant, the Internal Revenue Service ("IRS") seeking declaratory relief with regard to his obligations as a taxpayer. Before the Court is the defendant's motion to dismiss the complaint for lack of jurisdiction, or in the alternative, for failure to state a claim upon which relief can be granted. For the reasons set forth below, the Court grants the motion to dismiss.

## BACKGROUND

In this case, the plaintiff asks the Court to declare that he has no legal duty to pay his income taxes and that the government, in levying an income tax, has acted "fraudulently, willfully, wantonly, recklessly, or negligently depriving [him] of his life, liberty, property or rights to property." (Pl. Compl. at 14.) Kelliher states that the Sixteenth Amendment of the U.S. Constitution, which grants Congress the power to collect taxes on income, was never properly ratified, and as a result, the laws enacted pursuant to that power are unconstitutional. In Counts I and II of the complaint, Kelliher alleges that the United States "enacted an income tax by means of the most outrageous fraud" and thus, has "no authority to force Petitioner to participate in

fraud." (*Id.* at 12-13.) In Counts III and IV, Kelliher claims that the collection of income taxes results in a deprivation of the rights contained in numerous clauses to the U.S. Constitution. (*Id.* at 13-14.)

## DISCUSSION

In ruling on a motion to dismiss, the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Szumny v. Am. Gen. Fin., Inc.*, 246 F.3d 1065, 1067 (7th Cir. 2001). Dismissal is proper only when it appears beyond a doubt that plaintiff can prove no set of facts to support the allegations in the claim. *Hernandez v. City of Goshen*, 324 F.3d 535, 537 (7th Cir. 2003). The purpose of a motion to dismiss is not to decide the merits of the challenged claims, but to test the sufficiency of the complaint. *Weiler v. Household Fin. Corp.*, 101 F.3d 519, 524, n.1 (7th Cir. 1996).

**I.      Kelliher's Action Is Barred under the Declaratory Judgment Act**

The Declaratory Judgment Act states:

> In a case of actual controversy within its jurisdiction, *except with respect to Federal taxes* other than actions brought under section 7428 of the Internal Revenue Code of 1986 . . . any court of the United States upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

28 U.S.C. § 2201(a)(emphasis added).

With one exception, the plain language of 28 U.S.C. § 2201(a) removes matters pertaining to federal taxation from the jurisdiction of this Court. In this case, the plaintiff has failed to present any facts or arguments that would place his request within the exception found at 26 U.S.C. § 7428, which relates to the status of tax-exempt organizations under § 501(c)(3) of the Internal Revenue Code. Accordingly, Kelliher's action is not permitted under the Declaratory Judgment Act.

## II.    The United States Has Not Consented To Being Sued

Under the doctrine of sovereign immunity, the United States must consent to be sued. *United States v. Dalm*, 494 U.S. 596, 608 (1990). Moreover, a waiver of sovereign immunity must be explicit. *Honda v. Clark*, 386 U.S. 484, 501 (1967). To invoke the jurisdiction of the federal courts, the party bringing the suit against the United States must demonstrate that sovereign immunity has been expressly waived. When there is no statute waiving immunity, the Court lacks jurisdiction, and the action must be dismissed. *United States v. Sherwood*, 312 U.S. 584, 587-88 (1951).

In this case, Kelliher cites various authorities for bringing this suit in federal court, including "28 U.S.C. § 1331, 1340, 1367, and 2463, Article V of the Constitution . . . and . . . the First, Fifth and Ninth Articles, of the Bill of Rights, of the Constitution for the United States of America." (Pl. Compl. ¶ 3.) None of these provisions, however, expressly waives sovereign immunity. Unless a statute expressly and unequivocally waives sovereign immunity in its text, the government has not given its consent to be sued. *See Lane v. Pena*, 518 U.S. 187 (1996); *U.S. Dept. of Energy v. Ohio*, 503 U.S. 607 (1992). Accordingly, Kelliher's suit is barred under the doctrine of sovereign immunity.

## III.    Requirement to File A Federal Income Tax Return Cannot Constitute A Due Process Violation

In Count III and IV, Kelliher contends the government "has acted in a willful, wanton, reckless, or negligent manner constituting a fraudulent deprivation of [his] right to life, liberty, or property without due process of law in violation of the Fifth Amendment . . . ." (Pl. Compl. ¶ 14.) It is well established that due process is not denied if there is an adequate opportunity for a post-deprivation judicial determination of legal rights. *Bob Jones University v. Simon*, 416 U.S. 725, 746 (1974). Under 26 U.S.C. § 7422, a party may seek recovery of erroneous or illegally

assessed taxes in the district court after a claim for a refund or credit has been fully filed with the IRS. Thus, the Internal Revenue Code provides a procedure by which the party may seek a determination of its legal rights and allows for a refund if necessary. Kelliher's procedural due process rights are thus adequately preserved under the procedures contained in 26 U.S.C. § 7422.

## CONCLUSION

For the foregoing reasons, the Court grants the motion to dismiss [6-1] with prejudice, terminating the case. It is so ordered.

Wayne R. Andersen
United States District Judge

Dated: *March 3, 2005*